**IVEN LEE CALDWELL,**

Petitioner,

-vs-

**Case No. 15-C-293**

**BYRAN BARTOW,**
Director of the Wisconsin Resource Center,

Respondent.

# DECISION AND ORDER

Pro se Petitioner Iven Lee Caldwell ("Caldwell"), who is serving a life sentence with no extended supervision following his conviction for first-degree intentional homicide, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 and other supporting papers. (ECF Nos. 4, 5, 7.)

In order to proceed, a § 2254 petitioner must either (a) pay the filing fee of $5.00 or (b) request permission to proceed in forma pauperis (as a poor person) if he does not have the $5.00, in which event the petitioner must complete and sign the petition and affidavit to proceed without prepayment of fees and costs, complete and sign the attached certificate attached to the affidavit, and must have an authorized officer provide a certified copy of the petitioner's institutional trust account statement

activity for the six months prior to the filing of the petition.

Caldwell has done neither; however, he requests that if the Court needs a certified trust account statement, an order be entered. The Court has enclosed the proper forms for Caldwell to complete, sign, and file; and, as requested, orders the prompt production of the certified trust account statement. Those papers must be filed by the stated deadline.

Caldwell also seeks release pending the outcome of this action, citing 18 U.S.C. § 3143, the federal bail statute; presents a release plan; and has filed a supporting brief, and affidavit of Benjamin John Biese. (ECF Nos. 1, 2, 3.) Section 3143 does not apply to a convicted defendant seeking post-conviction relief, including state prisoners seeking federal habeas corpus under 28 U.S.C. § 2254. *Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985). Moreover, although the federal courts have inherent power to allow bail pending resolution of a federal habeas corpus petition, the power is to be exercised "very sparingly" *id.,* and Caldwell's submissions do not establish a basis for his release on bail.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before May 11, 2015,** Caldwell **MUST FILE** a petition and affidavit to proceed without prepayment of fees and costs, the certificate

attached to the affidavit, and a certified copy of his institutional trust account statement activity;

Caldwell's motion for an order regarding his trust account statement is **GRANTED**. An authorized officer **MUST** promptly provide a certified copy of Caldwell's institutional trust account statement activity for the six months prior to the filing of his petition;

Caldwell's motion for release pending decision (ECF No. 1) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2015.

BY THE COURT:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**