# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**IVEN LEE CALDWELL,**

        Petitioner,

  -vs-

                                       **Case No. 15-C-293**

**BYRAN BARTOW,**
Director, Wisconsin Resource Center,

        Respondent.

## DECISION AND ORDER

This matter is before Court on pro se Petitioner Iven Lee Caldwell's ("Caldwell") motions to seal and for permission for Benjamin John Biese ("Biese") to proceed as next of friend on his behalf. (ECF Nos. 22, 26.) Biese also requests until July 1, 2015, to file an amended petition.

### Sealing

Caldwell's motion to seal requests the redaction of addresses and phone numbers included in his motion for release (ECF No. 1) and the redaction of personal information from police reports that he filed in support of his petition (ECF Nos. 5-1 through 5-6). General Local Rule 79(d) (E.D. Wis.) sets forth the procedure for filing documents under seal and requires that any "motion to seal be accompanied by proof of good cause" for withholding the material from the public record. Caldwell

states that the information is sensitive and not needed for public display.

The law requires this Court to make a determination of good cause to seal any part of the record of a case. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.,* 178 F.3d 943, 944 (7th Cir. 1999). This is because "[t]he parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Id.* "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010).

Federal Rule of Civil Procedure 5.2(a) provides that persons filing papers must not include certain listed information, including any birthdate information other than the birth year. While pro se filings under 28 U.S.C. § 2254 are specifically exempted from Rule 5.2(b)(6)'s redaction *requirement*, Rule 5.2's 2007 advisory committee notes state that the Rule's redaction requirements are supported by the federal policy of protecting privacy and security concerns that result from electronic filing and public access to those electronic filings. The privacy and security concerns underlying Rule 5.2, establish "good cause" for sealing those portions of the police reports which contain birthdate information other

than the year of birth.

With respect to Caldwell's request for the sealing of the addresses and phone numbers of persons listed as proposed sureties in his motion for release, that information was not considered by the Court in resolving the motion. The motion was denied because controlling case law holds that 18 U.S.C. § 3143 does not apply to a convicted defendant seeking post-conviction relief such as Caldwell. (Court's April 10, Decision and Order 2 (citing *Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985).) (ECF No. 11.)

The presumption of public access is limited to material that affects judicial decisions. *See City of Greenville v. Syngenta Crop. Prot. LLC*, 764 F.3d 695, 697-698 (7th Cir. 2014). Since the information regarding the proposed sureties was not considered, the Court finds "good cause" to seal the addresses and phone numbers provided in Caldwell's release motion. *See id.*

Based on the foregoing, Caldwell's motion to seal is granted. Because the other parts of the motion and exhibits are public, by the specified deadline, Caldwell must filed redacted versions that blackout all birth days and months of individuals from the police reports and the addresses and phone numbers of sureties from his motion for release. The

sealing order will expressly provide that any party and any interested member of the public may challenge the sealing of any papers sealed pursuant to this Order. *See Cnty. Materials Corp. v. Allan Block Corp.,* 502 F.3d 730, 740 (7th Cir. 2007).

## Next of Friend

Biese, who has been assisting Caldwell with the papers filed in this action, requests permission to proceed as Caldwell's "next of friend." He states that they are confined at two different institutions; Caldwell is receiving mental health treatment at the Wisconsin Resource Center for "cognitive issues," a depressive disorder, and post-traumatic stress disorder and is unable to litigate this case. Biese also states that he is a certified paralegal, has spent over 100 hours on this case, prepared the papers filed by Caldwell in this action, has all Caldwell's legal materials, and has a significant relationship with Caldwell and is truly dedicated to Caldwell's best interests. Caldwell consented in writing to Biese appearing as next friend.

"'Next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas,* 495 U.S. 149, 163 (1990). Rather, to qualify for "next friend" standing, a third party must: 1) provide an adequate explanation, such as

inaccessibility, mental incompetence, or other disability, why the real party in interest cannot appear on his own behalf to prosecute the action; 2) be truly dedicated to the best interests of the person on whose behalf he seeks to litigate; and 3) have some significant relationship with the real party in interest. *Id.* at 163-64 (citations omitted).

Being treated for mental health issues does not preclude a person from being competent to appear on his own behalf. A March 2, 2015, progress note — the most recent one on file — indicates that Caldwell is oriented in all spheres. (ECF No. 2, Ex. 102.) Biese has not established that Caldwell cannot continue to prosecute the action without Biese's assistance. Furthermore, Biese has not presented sufficient facts to establish that he has a significant relationship with Caldwell. The Court will deny the motion for Biese to act as next of friend. Caldwell will be allowed until July 1 to amend his petition.

## Prison Trust Account Statement

Despite the Court's April 10 Order, Caldwell's prison trust account statement has not been filed. The Court directs that no later than July 15, 2015, an authorized officer must file a certified copy of Caldwell's trust account statement for the six months prior to the March 1, 2015, filing of his petition. Caldwell's petition will not be screened until the amended

- 5 -

petition and his prison trust account statement have been filed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Caldwell's motion to seal (ECF No. 22) is **GRANTED**;

The Clerk of Court is **DIRECTED TO FILE** under seal attachments one through six to Caldwell's brief in support of his petition (ECF Nos. 5-1 through 5-6) and Caldwell's motion for release;

Any party and any interested member of the public may challenge the sealing of any papers sealed pursuant to this Order;

On or before July 15, 2015, Caldwell **MUST FILE REDACTED VERSIONS** of his motion for release and attachments one through six to the brief in support of his petition that are consistent with this Decision and Order;

Caldwell's motion for Biese to proceed as next of friend (ECF No. 26) is **DENIED**;

Caldwell **MAY FILE** an amended petition **no later than July 1, 2015**; and

**No later than July 15, 2015,** an authorized officer **MUST** file a certified copy of Caldwell's trust account statement for the six months prior to the March 1, 2015, filing of his petition.

- 6 -

Dated at Milwaukee, Wisconsin, this 15th day of June, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**
